Martin, J.
delivered the opinion of the court. This is an action on a bond for the prison 1 Is, given by one L. F. I. Lefort, whom the defendant joined as a surety.
He pleaded the general issue — that the %ond is utterly void, and can produce no effect, as it was given without any consideration — that at the time of its execution, Lefort was in no legal custody, having been arrested on a ca. sa. issued against one Lafour,grounded on a judgment obtained by the then and present plaintiff, against one L. F. I. Lafour.
* There was judgment for the plaintiff, and the defendant appealed.
*435 East’n District.

May, 1822.

It is urged, that the defendant, being only a ⅛ ° J surety of Lefort, cannot be bound more strongly than his principal, and may avail himself of the same causes of nullity, and oppose the same exceptions. Civil Code, 432, art 2; that judgment could not have been obtained against Lefort, in the original suit, which was instituted against Lafour, against whom judgment was given, and the ca. sa. issued on which Le-fort was arrested.
The record of the original suit, in which the bond was given, comes up with that of the present,and it appears that the then defendant wras there designated by the name of Lafour.
The sheriff proved the execution of the bond.
His deputy deposed, that the person, who subscribed it with the present defendant, was the one who had been cited by the name of Lafour, in the original suit, and then declared that there was a mistake in the name, but did not deny his owing the debt — that the said Lefort is the person on whom the writs offi. fa. and ca. sa., in the original suit, were served, and he left the bounds immediately after executing the bond.
Henderson deposed, he called on the defendant in the original suit, Etzberger vs. Lafour, *436 before its institution — that he admitted the debt, urging only his inability to pay it. He saw ^e person he speaks of brought into court5 on a Writ Gf habeas corpus, in the said suit.
Hoffman for the plaintiff, Carleton for the defendant.
Vignaud, a witness for the defendant, deposed, he knows the person whose signature is above the present defendant’s, in the bond sued on ; the witness has often seen him write, and has corresponded with him; he always wrote his name L. F. I. Lefort, and was always so called.
Chabaud testified to the same purpose.
The defendant does not appear to us entitled to relief on the merits. He bound himself jointly and severally with the person arrested as defendant, in the original suit. He bound himself as a principal, and cannot avail himself of exceptions, which the law grants to sureties alone.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.